Citing the cases of Industrial Commission v. Drake, 103 Ohio St. 628, 134 N.E. 465, and State, ex rel. Pivk, v. IndustrialCommission, 130 Ohio St. 208, 198 N.E. 631, the relatrix argues (1) that Jean Wright had no "right to support" from her father, such obligation being the legal responsibility of her mother under the circumstances, and (2) since Jean's father never contributed anything to her support after the divorce, she lost nothing by his death and, therefore, the Industrial Commission lacked any basis for making her an award.
In this case the payment of death benefits is governed by Section 1465-82, General Code. It is clear, from the facts, that any right of Jean to receive an award would come within the last paragraph of that section, reading in part:
"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee * * *."
This court has said, with relation to the Ohio Workmen's Compensation Act, that dependency is based upon the right to support rather than upon the actual fact of support. State, exrel. Person, v. Industrial Commission, 126 Ohio St. 85, 89,183 N.E. 920. Compare Industrial Commission v. Dell, Exrx.,104 Ohio St. 389, 135 N.E. 669, 34 A. L. R., 422.
By both the statutory and common law of Ohio, parents are charged with the duty of supporting their minor children. 30 Ohio Jurisprudence, 593, Section 47. And see, Sections 7997, 13008 and 1639-46, General Code. At common law this obligation rested primarily *Page 190 
upon the father. Bowen v. State, 56 Ohio St. 235, 239,46 N.E. 708.
In the third paragraph of the syllabus of IndustrialCommission v. Drake, supra, it was held:
"The obligation of a father to support his infant children is not excused on the ground that the custody of children has been awarded to a divorced wife in a suit where no order was made for allowance and support of children, and such children are therefore entitled to an award of compensation at the hands of the commission by reason of the father's death from injuries received in the course of his employment."
We see no good reason why the rule should be different in a situation where the father was ordered to pay an allowance in a divorce decree, but never complied. See State v. Stouffer,65 Ohio St. 47, 60 N.E. 985.
"The majority of courts in this country impose a duty on the father to support a minor child, the duty persisting after the divorce." 7 Ohio State Univ. Law Journal, 446, 447.
While, of course, the effect of a divorce decree upon the right of the children of the parties to compensation under workmen's compensation acts depends upon the particular provisions of the act involved and the facts of the case, a number of decisions, in line with the Ohio authorities, hold that a divorce decree awarding the custody of minor children to the mother does not affect the father's legal liability to support such children, and an award of benefits to them as dependents, by the Industrial Commission, on account of the father's death, is proper. Representative cases are PantherCreek Mines v. Industrial Commission, 296 Ill. 565,130 N.E. 321; Shea v. Industrial Commission, 217 Wis. 263,258 N.W. 779.
It is therefore our conclusion that the making of an *Page 191 
award to decedent's minor daughter Jean was within the power of the Industrial Commission under Section 1465-82, General Code, and that no abuse of discretion is apparent. The writ of mandamus is accordingly denied.
Writ denied.
WEYGANDT, C.J., MATTHIAS, HART, BELL, WILLIAMS and TURNER, JJ., concur.