[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 347.]

THE STATE EX REL. NEWLAND, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Newland v. Indus. Comm.*, 1996-Ohio-275.]

*Workers' compensation—Benefits in case of death—Decedent's legal obligation towards minor child entitles child to whole dependency status and resulting death benefits—R.C. 4123.59, applied.*

(No. 94-1016—Submitted November 7, 1995—Decided January 17, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD04-457.

———————————

{¶ 1} Decedent Franklin C. Newland and his girlfriend Linda Boston (now Linda Breeze) began living together in 1976. Residing with them were four minor children from Boston's former marriages.

{¶ 2} On January 7, 1978, Tonia Newland was born. Franklin acknowledged his parentage by signing a birth certificate as the natural father. Thirteen months later, Franklin died in the course of and arising from his employment with the Indiana Farm Bureau Co-op Association. He and Boston had never married.

{¶ 3} Boston, alleging a common-law marriage, applied to appellee Industrial Commission of Ohio for death benefits on behalf of Tonia and herself. After tortuous administrative and judicial proceedings, the commission found Tonia to have been partially dependent on decedent at the time of death, writing:

"*** Tonia Newland, illegitimate child of the deceased-employee, Franklin Newland, did not receive one-half or more support from the decedent prior to his death, nor did the Decedent-Claimant contribute more than one-half the support for Tonia Newland prior to his death. The Commission relied upon the investigation memorandum of April 10, 1979 by Charles Hass, Bureau of Workers'

Compensation investigator, stating that Decedent-Claimant's earnings in 1979 was [*sic*] $326.09 and total earnings in 1979 was [*sic*] $1,672.01. According to the 4-10-79 memorandum, the Decedent-Claimant was hired on October 9, 1978, laid-off on November 19, 1978, recalled on February 6, 1979. The Commission also relied upon the payroll records submitted to the claim file and further based upon records where Cincinnati Packaging Services Company indicated income paid to the Decedent-Claimant in 1978 was $532.65 while Indiana Farm Bureau indicated income paid to the Decedent-Claimant was $1,672.01 in 1978.

"It is further the finding of the Commission that the mother of Tonia Newland received $378 per month from ADC for herself and her children, including Tonia Newland. The Commission did consider the affidavit of April 29, 1992 from Linda Breeze filed on May 6, 1992 but the Commission has further found that the statements within the affidavit specifically asserting that the decedent contributed $1,000 per month in wages did not comport with wage information submitted by the decedent's employers. The Commission also relied upon the fact that there is no verifiable information within the file that the claimant worked at odd jobs and received cash or checks. The Commission also relied upon the United States tax Form 1040 for tax year 1978 which did not indicate that additional income was received by the deceased or by Linda Breeze. The Commission finds that the deceased did not contribute more than one-half of the support for Tonia Newland prior to, or at the time of decedent's death, based on the aforementioned factors which rebut the presumption of full dependency within [R.C.] 4123.59."

{¶ 4} Boston filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in failing to adjudicate Tonia as wholly dependent. The appellate court upheld the commission's order, after finding "some evidence" to support the commission's determination that Franklin had not provided one-half of Tonia's support.

{¶ 5} This cause is now before this court upon an appeal as of right.

_____

*Butkovich, Schimpf, Schimpf & Ginnochio Co., L.P.A.,* and *James A. Whittaker*, for appellant.

*Betty D. Montgomery*, Attorney General, *Dennis Hufstader* and *Michael O'Grady*, Assistant Attorneys General, for appellees Industrial Commission and Bureau of Workers' Compensation.

_____

***Per Curiam.***

**{¶ 6}** The sole question for review is the extent of Tonia's dependency upon decedent. Upon review, we reverse the judgment of the court of appeals and find Tonia to be wholly dependent upon decedent.

**{¶ 7}** R.C. 4123.59(D)(2) reads:

"The following persons shall be presumed to be wholly dependent for their support upon a deceased employee:

"***

"(2) A child under the age of eighteen years *** upon only the one parent who is contributing more than one-half of the support for such child and with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death."

**{¶ 8}** Children born out of wedlock have the same status as legitimate children in terms of dependency. See *Boston v. Daugherty* (1984), 12 Ohio App. 3d 8, 12 OBR 92, 465 N.E. 2d 1321. Contrary to appellant's representation, there is absolutely no evidence that the commission's decision was based on Tonia's illegitimacy. The order is based solely on the commission's conclusion that decedent did not contribute over one-half of Tonia's support.

**{¶ 9}** Appellant objects, asserting that the commission improperly excluded other income earned by Franklin. Appellant argues that adding this extra money to decedent's substantiated wages demonstrates that decedent contributed more than

one-half of Tonia's support, when compared with total monthly household income. We disagree.

{¶ 10} The commission is the sole evaluator of evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc*. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E. 2d 936. It was the commission's prerogative to reject Boston's unsubstantiated allegation of odd-job income. The commission did not abuse its discretion in choosing to rely on only those sources of income that could be verified by payroll or tax records.

{¶ 11} Appellant also argues that the commission erred in expanding the time frame over which Franklin's support was evaluated. Claimant proposes that R.C. 4123.59 "[r]equires the determination as to which parent is contributing more than one-half the support for such child and with whom he is living *at the time of the death of such parent*. It does not permit, nor does it authorize a provision for making that determination as of one year prior to the death of such parent or six months prior to the death of such parent, six weeks prior to the death of such parent or six hours prior to the death of such parent." (Emphasis *sic*.)

{¶ 12} Appellate's assertion is untenable. To make such a restricted evaluation would be impossible, and, if attempted nonetheless, would lead to false determinations. Under appellant's theory, years of diligent support or disgraceful nonsupport could be nullified by a single act that coincidentally preceded death. Such a scheme operates to no one's benefit.

{¶ 13} The commission did not, therefore, err in finding that decedent did not contribute over half of Tonia's support. It is at this point, however, that the commission's analysis ends. Appellant again objects, arguing that even if decedent did not contribute over one-half of Tonia's support, a finding of whole dependency is warranted if the deceased employee had a legal obligation of support. Appellant relies on the following language:

"A child under the age of eighteen years *** [is presumed wholly dependent] upon only the one parent who is contributing more than one-half of the support for such child and with whom he is living at the time of the death of such parent, <u>or</u> for whose maintenance such parent was legally liable at the time of death." (Emphasis added.) R.C. 4123.59(D)(2).

{¶ 14} The commission reads the statute differently:

"A child under the age of eighteen years *** [is presumed wholly dependent] upon only the one parent who is contributing more than one half of the support for such child <u>and</u> with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death." (Emphasis added.)

{¶ 15} Under the commission's interpretation, a finding of a contribution of half support is a necessary prerequisite for death benefits. Once such a finding is made, a claimant must also establish either cohabitation or a legal obligation. Appellant, on the other hand, asserts that a claimant need only establish the fact of half support or a legal obligation to provide support. We favor appellant's reading.

{¶ 16} *State ex rel. Wright v. Indus. Comm.* (1943), 141 Ohio St. 187, 25 O.O. 277, 47 N.E. 2d 209, at paragraph three of the syllabus, held that "[u]nder the Workmen's Compensation Act, dependency is based on the right to support rather than upon the actual fact of support." In that case, decedent and his wife divorced prior to his death. His minor daughter, under the divorce decree, went to live with her mother and decedent remarried. Decedent was ordered to pay a weekly amount and evidently was given visitation rights. Decedent, however, never visited his daughter and never made the required payments. After decedent's industrial death, both his widow and his daughter filed for death benefits. The commission awarded the maximum amount of compensation, allocated between widow and daughter. The widow objected to any award to the daughter, arguing that the daughter "(1) *** [h]ad no 'right to support' from her father, such obligation being the legal

responsibility of her mother under the circumstances, and (2) since Jean's father never contributed anything to her support after the divorce, she lost nothing by his death." *Id.* at 189, 25 O.O. at 278, 47 N.E.2d at 210.

{¶ 17} We disagreed, reasoning that parents had both a statutory (see former R.C. 2151.42 and former 3113.01) and common-law obligation to support their minor children--an obligation that was "not extinguished by a decree granting [the father] a divorce and giving to the mother custody of the child." *Id.*, paragraphs one and two of the syllabus.

{¶ 18} Professor Young in his treatise Ohio Workmen's Compensation Law (2 Ed. 1971) 154, Section 7.35, echoes *Wright*:

"The statutes do not specifically define dependency, but the purpose of providing death benefits is to compensate for loss of support. The actual fact of support does not control; the critical issue is the legal right to support."

{¶ 19} *Wright* best exemplifies the undesirability of the commission's interpretation. The commission's theory twice penalizes the child of a neglectful parent. If the child does not get the actual financial support due during the course of the deceased parent's life, he or she will be precluded from death benefits as well. Given this result and R.C. 4123.95's directive to construe the workers' compensation statutes in favor of employees and their dependents, appellant's interpretation is more persuasive.

{¶ 20} We recently commented on the legal ramifications of the parent/child relationship in *Bercaw v. Bercaw* (1989), 45 Ohio St.3d 160, 161, 543 N.E. 2d 1197, 1199:

"*** [P]arents have continuing support obligations to their children. These obligations are defined by statutes in the common law ***. Society expects that those whose bring children into this world will care for and attend to those children ***. This obligation continues until the duty of support expires, whether due to the child reaching the age of majority, adoption, or some other legal termination of that

duty. Until such termination of parental support obligations occurs, a parent may not unilaterally cease supporting his minor children. ***" (Citations omitted.)

{¶ 21} We, therefore, find that decedent's legal obligation towards Tonia entitles her to whole dependency status.

{¶ 22} The judgment of the court of appeals is hereby reversed.

*Judgment reversed.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ.*,* concur.

MOYER, C.J., WRIGHT and COOK, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 23} I respectfully dissent as I find the construction of R.C. 4123.59(D)(2) adopted by the majority unsound. It ignores phrasing in the statute which, if acknowledged, admits of only one meaning.

{¶ 24} While R.C. 4123.59(D)(2) is a challenging statute to understand from a cursory reading, the aim of the statute is made clear in the following diagram:

"A child under the age of eighteen years *** [is presumed wholly dependent] upon:

**only the one parent** [:]

   [1] **who** is contributing more than one-half of the support for such child[;]

   **and**

   [2] **with whom** [the child] is living at the time of death of such parent,

   **or**

   [3] [the child] **for whose** maintenance such parent was legally liable at the time of his death." (Emphasis added.)

{¶ 25} In contrast, the majority's reading of the statute looks like this:

"A child under the age of eighteen years *** [is presumed wholly dependent] upon [EITHER]:

[1] only the one parent who is contributing more than one-half of the

support for such child and with whom [the child] is living at the

time of death of such parent, OR

[2] [either parent (because all parents have a legal duty to support their

children)]."

{¶ 26} The reading adopted by the majority seems illogical. It is unlikely that the legislature would have fashioned such a strict category as set forth as alternative [1] above followed by a catch-all that swallows the first category completely. It allows a presumption of wholly dependent status for any child because every parent has a common-law and statutory obligation to support. Why then did the General Assembly set forth criteria for the wholly dependent presumption status as between the parents of a child? What possible sense does it make that one category considers the amount of support actually provided and the other negates it completely? How, under this reading, could the commission ever get to the partial dependency, case-by-case considerations as set forth in the statute?

{¶ 27} Under the majority view, a child can be presumed wholly dependent upon *both* parents because, as the analysis goes, every parent has a continuing obligation to support a child. The General Assembly, however, obviated such a construction of the statute by employing the phrase "upon only the one parent." When determining the presumption, the line is drawn as between the parents by using the "more than one-half of the support" language because, as between two persons, only one of them can logically contribute *more* than one-half support. The majority reading of R.C. 4123.59(D)(2) ignores the emphasis upon "only the one parent" and attributes no meaning to the corollary language regarding more than one-half support.

**{¶ 28}** The commission correctly determined that contributing more than one-half support is a necessary condition to a presumption of whole dependency status. together with either cohabitation or a legal obligation of support.

**{¶ 29}** The majority concludes that the commission's interpretation is "undesirable" because a child of "neglectful parents" is "twice penalized," *i.e.*, denied death benefits because she did not actually receive financial support during the parent's lifetime. However, R.C. 4123.59(D)(2) does not preclude a dependent child from receiving death benefits. Rather, the statute precludes a child from being presumed wholly dependent. In fact, R.C. 4123.59(D) provides, "In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in death of such employee ***." Nothing in the statute precludes a child who is not presumed wholly dependent from presenting additional evidence to establish whole or partial dependency status. Thus, the majority's concern that a child is twice penalized is unwarranted.

**{¶ 30}** Finding no error in the logical construction applied to the statute by the commission and "some evidence" supporting the factual conclusions, I would affirm the judgment of the court of appeals denying the writ.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.

————————————