OPINION
The defendant-appellant, Patrick Owen Wood ("the appellant"), appeals from a judgment of the Logan County Court of Common Pleas finding him guilty of one count of criminal non-support in violation of R.C.2919.21(A)(2). For the following reasons, we affirm the judgment of the trial court.
The procedural history and facts of the case are as follows. The appellant and Susan L. Snipes were married on January 1, 1981, in Edwards County, Illinois. On September 25, 1981, Amanda Christine Wood was born as issue of the marriage. The marriage was terminated by dissolution on February 26, 1982, in Edwards County, Illinois. Pursuant to the judgment of dissolution, the appellant was ordered to pay $160.00 per month in child support. Shortly after the dissolution, Susan and Amanda moved to Ohio, and currently reside in Logan County, Ohio.[1]
On January 11, 1999, the appellant, an Illinois resident, was indicted on one count of criminal non-support in violation of R.C.2919.21(A)(2). Specifically, the appellant was charged with failing to provide adequate support for Amanda for a total accumulated period of twenty-six (26) weeks out of one hundred four (104) consecutive weeks, thereby making the offense a felony of the fifth degree pursuant to R.C. 2919.21(G)(1).
Prior to trial, the appellant filed a motion to dismiss the case on the basis that the trial court did not have jurisdiction over the subject matter. On June 14, 1999, a hearing was held on the matter. The trial court overruled the appellant's motion on June 17, 1999.
The appellant entered a plea of no contest to the charge set forth in the indictment. On July 23, 1999, the trial court accepted the appellant's plea and found him guilty of the offense. The trial court sentenced the appellant accordingly.
The appellant now appeals, asserting the following sole assignment of error.
 ASSIGNMENT OF ERROR The trial court erred in overruling the motion to dismiss, because R.C. 2901.11 does not permit Ohio to exercise jurisdiction over a defendant for non-support of dependents where no element of the offense occurred in this State and the duty of support is imposed in another state.
 In his sole assignment of error, the appellant contends that the trial court erred in overruling his motion to dismiss the case for want of subject matter jurisdiction. Specifically, the appellant maintains that because he is an Illinois resident and the duty of support was imposed in that state, the trial court lacked the requisite jurisdiction over the subject matter to proceed with the case against him. For the following reasons, we find that the trial court had subject matter jurisdiction pursuant to R.C. 2901.11, and affirm the conviction of the appellant under R.C. 2919.21(A)(2).
Initially, we note that the appellant's plea of no contest does not waive his right to object to the subject-matter jurisdiction of the court. See, e.g., State v. Bishop (Dec. 3, 1993), Clark App. No. 3070, unreported. Having so found, we will now address the appellant's assigned error.
In his brief, the appellant maintains that the trial court was without subject matter jurisdiction to proceed against him because he is a resident of Illinois and any failure by him to provide support to his child is punishable only in that state.[2] In support of his position, the appellant citesState v. Rosenstock (Dec. 7, 1995), Franklin App. No. 95APA05-517, unreported, and State v. Chintalapalli (Nov. 20, 1998), Erie App. No. E-97-148, unreported, both of which stand for the proposition that the failure to provide adequate support does not take place where the child resides, but where the criminal defendant maintains his place of residence.
In Rosenstock, the defendant was a resident of Ohio when he was charged with non-support under R.C. 2919.21(A)(2). The defendant's ex-wife, along with his child, were residents of Maryland. The defendant argued that the criminal charge of non-support occurs in the state where the child resides. The Tenth District Court of Appeals disagreed, finding that Ohio law imposes on parents a duty to support their children and that "[t]he act or omission of failing to provide adequate support takes place where the criminal defendant resides * * *." Id. at 2.
In Chintalapalli[3], the defendant was divorced in Erie County, Ohio, but was a resident of another state when he was charged with non-support under R.C. 2919.21(A)(2). The defendant's ex-wife, along with his children, were residents of Pennsylvania. Because the divorce decree was issued in the State of Ohio, the Erie County Court of Common Pleas asserted jurisdiction over the case. Citing Rosenstock, the Sixth District Court of Appeals held that the crime of non-support occurs in the state where the criminal defendant maintains his place of residence.
In the case at bar, the appellant urges this Court to reverse the trial court's decision on the basis and rationale of the foregoing decisions. For the following reasons, we decline to do so.
We begin our analysis by noting that jurisdiction over subject matter is the judicial power to hear and determine a criminal prosecution. In Ohio's trial court's, jurisdiction is limited by statute. In the case at bar, jurisdiction of the subject matter is governed under R.C. 2901.11. R.C. 2901.11
states in pertinent part, as follows:
 (A) A person is subject to criminal prosecution and punishment in this state if any of the following occur:
 (1) The person commits an offense under the laws of this state, any element of which takes place in this state.
* * *
* * *
 (4) While out of this state, the person omits to perform a legal duty imposed by the laws of this state, which omission affects a legitimate interest of the state in protecting, governing, or regulating any person, property, thing, transaction, or activity in this state.
 The Committee Comment to R.C. 2901.11 states in pertinent part that "[t]his section is designed to allow the state the broadest possible jurisdiction over crimes and persons committing crimes in or affecting this state * * *." Thus, pursuant to statute, if any element of the appellant's crime of non-support occurred in this state, or while out of this state the appellant failed to perform a legal duty imposed by the laws of this state, we must find that he is subject to criminal prosecution and punishment in the State of Ohio.
Initially, we note that parents had a common law duty to support their children. See, e.g., State ex rel. Newland v.Indus. Comm. (1966), 74 Ohio St.3d 347. In today's society, a parent has a legal duty to support his children pursuant to R.C.3103.03. R.C. 3103.03(A) states in pertinent part that "[t]he biological * * * parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor." Thus, the support of one's children is not an option, but an affirmative duty pursuant to statute. Because parents are legally obligated to support their children, the failure to provide support can result in criminal charges under R.C.2919.21(A)(2). R.C. 2919.21(A)(2) unequivocally establishes that "[n]o person shall * * * fail to provide adequate support to * * * [t]he person's child who is under age eighteen * * *." The purpose behind the statute is to protect the children of this state, and to prevent them from becoming wards of the state.
In the case before us, the appellant was charged with and convicted of one count of criminal non-support under R.C.2919.21(A)(2). A plain reading of R.C. 2919.21(A)(2) reveals that a court order of support from this state is not a requirement for the prosecution of an individual under that section of the statute. Further, the record affirmatively establishes that the child resides in this state, and it is here where the child suffered the consequences of the appellant's non-support. Thus, the elements of the crime of criminal non-support have taken place in this state. Moreover, the failure of the appellant to adequately support his child affects a legitimate interest of the state in protecting children that are residents of this state.
In reaching our conclusion today, we find persuasive the recent opinion of the Fourth District Court of Appeals in State v.Keslar (Nov. 17, 1999), Hocking App. No. 98CA20, unreported. InKeslar, the defendant was divorced in Hocking County, Ohio, and had been ordered to pay child support for his three children. The defendant did not comply with the support order and was charged with non-support under R.C. 2919.21(A)(2). At the time of his arrest, the defendant was a resident of Pennsylvania, while his children were residents of the State of Ohio.[4] In affirming the defendant's conviction, the Fourth District Court of Appeals held in pertinent part, as follows:
 [T]he crime of non-support occurred when the appellant omitted to perform the legal duty imposed by the laws of this state to support his minor children. He cannot escape this duty by leaving the state. He is subject to criminal prosecution and punishment in this state, and the court below had jurisdiction to try him for this crime even though he resided in another state.
 Although the case at bar is factually distinguishable from Keslar to the extent that the divorce decree and support order in the case herein were procured in Illinois, we concur with the court's decision that a criminal defendant can be prosecuted in the state where his children reside, even if the defendant is not a resident of that state. For all of the foregoing reasons, we find that the trial court had jurisdiction over the matter pursuant to R.C. 2901.11.
We must next determine whether the county where the appellant was tried was the proper forum for the state's criminal prosecution. Under R.C. 2901.12, Ohio's criminal venue statute, the trial of a criminal case must be held in the court having jurisdiction over the matter, and in the territory where the offense or any element of the offense was committed.
In the case at bar, it is undisputed that the child resides in Logan County, Ohio, and it is here where the child has suffered the consequences of the appellant's non-support. Thus, Logan County, Ohio, was the proper venue of the crime charged against the appellant, and the Logan County Court of Common Pleas had proper jurisdiction over the matter. For all of the foregoing reasons, we find that the appellant was subject to criminal prosecution and punishment in Logan, County, Ohio.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court. Accordingly, the appellant's sole assignment of error is not well-taken and is overruled.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.
[1] Both Susan and Amanda have lived in Logan County, Ohio, for over nine years.
[2] The appellant also sets forth in his brief that he is not subject to criminal prosecution in the State of Ohio because the duty of support was imposed in the State of Illinois.
[3] Discretionary Appeal Allowed, State v. Chintalapalli
(1999), 85 Ohio St.3d 1426.
[4] The defendant had not lived in Ohio for the past seven years.