OPINION
{¶ 1} Appellant, Frances M. Mogor, appeals from the December 16, 2002 judgment entry of the Trumbull County Court of Common Pleas, Probate Division, denying appellant's consent for the adoption of Kristen Ann Minich ("Kristen") and Ashley Marie Minich ("Ashley") to proceed.
 {¶ 2} On June 13, 2002, appellees filed a petition for adoption. Also, on June 13, 2002, Michael Raymond Mogor ("Michael"), the father of Kristen and Ashley, filed a consent to adoption. On June 14, 2002, a judgment entry was filed, allocating the parental rights and responsibilities of the minor children to appellees, Michael's mother, Marion V. Minich, and Michael's stepfather, Gary R. Minich. A notice of hearing on the petition for adoption was filed on June 21, 2002. On August 22, 2002, appellant filed objections to the adoption and a request for a full evidentiary hearing. A consent hearing was held on October 22, 2002. On December 16, 2002, a judgment entry was filed, which determined that appellant's consent was not necessary for the adoption to proceed. On January 14, 2003, appellant filed a motion for stay of execution of judgment pending appeal, which was granted on January 16, 2003.
 {¶ 3} The facts of the case are as follows: Appellant and Michael were married in October 1997. Two children, Kristen, d.o.b. June 5, 1995, and Ashley, d.o.b. February 17, 1997, were born as a result of their relationship. Appellant and Michael separated after appellant was arrested for the assault of her three younger siblings. Michael then placed the children in appellees' home on July 26, 1998. Appellees provided for their care.
 {¶ 4} In 1999, appellant filed for divorce in the Trumbull County Court of Common Pleas, Domestic Relations Division. On March 23, 2001, the court's judgment entry approved appellant's and Michael's February 2001 separation agreement, whereby the parties agreed that Michael would be the residential parent and legal custodian of the minor children and that appellant would have visitation rights. In addition, appellant was required to pay the sum of $50 per month per child.
 {¶ 5} On June 21, 2001, appellant and Michael entered into an agreement whereby appellees were added as third-party defendants to the divorce action between appellant and Michael. The judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, allocated the parental rights and responsibilities of the minor children to appellees. Appellees were designated as the residential parents and legal custodians of the minor children due to the fact that appellant, who failed to pay the required $50 per month per child, and Michael, could not care for the children's basic needs. Approximately one year later, on June 13, 2002, appellees filed petitions to adopt both children.
 {¶ 6} On December 16, 2002, the trial court determined that appellant failed without justifiable cause to provide for the maintenance and support of the minor children for a period of one year immediately preceding the filing of the adoption petition, and ordered that appellant's consent was not necessary for the adoption to proceed. It is from that entry that appellant filed a timely notice of appeal on January 14, 2003, and makes the following assignments of error:
 {¶ 7} "[1.] The trial court committed error to the extreme prejudice and detriment of [appellant] by ruling that her consent to adopt her children was not necessary.
 {¶ 8} "[2.] The court committed error by deeming the initial child support order in the divorce action between the parties to survive the subsequent court order transferring custody to third party custodians.
 {¶ 9} "[3.] The trial court committed reversible error by ruling that [a]ppellant failed to pay child support in the domestic relations court matter when no child support obligation was ordered."
 {¶ 10} Because appellant's assignments of error are interrelated, they will be addressed in a consolidated fashion. Appellant contends that the trial court erred by ruling that her consent to the adoption of her children was not necessary due to the fact that she had an obligation to support her children by judicial decree, but failed without justifiable cause to provide support in the one-year period prior to the filing of the adoption petition. Appellant specifically argues that she did not waive her consent because the June 21, 2001 judgment entry, which transferred custody of the children to appellees, terminated her support obligations, pursuant to the March 23, 2001 entry.
 {¶ 11} In making a determination as to whether consent to adoption is not required, the trial court must look to R.C. 3107.07, which states in pertinent part, that consent is not required of:
 {¶ 12} "(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 13} "In order to adopt a child without the consent of a natural parent, `pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause.'" In reAdoption of Geisman (Sept. 29, 2000), 11th Dist. No. 99-A-0071, 2000 Ohio App. LEXIS 4572, at 5, quoting In re Adoption of Bovett (1987),33 Ohio St.3d 102, paragraph one of the syllabus. Once established, the parent has the burden of presenting evidence to indicate that such failure to support was justifiable. Geisman, supra, at 5-6, citing Bovett at paragraph two of the syllabus. "The question of whether a natural parent's failure to provide support for his or her child is a determination for the probate court that will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." Geisman at 6, citing In re Adoption of Kuhlmann (1994), 99 Ohio App.3d 44, 49. "This court has affirmed and will continue to affirm a proper trial court finding in an adoption case that consent is not required when a natural parent fails to rebut a prima facie showing of a lack of justifiable cause for failing to support, or nominally supporting, his or her child."Geisman at 10-11.
 {¶ 14} In the case at bar, appellant acknowledged that she knew she had a child support obligation. Appellant had been gainfully employed and had wages and discretionary funds available to her in the one-year period prior to filing the adoption petitions, yet paid nothing on her support. Appellant's discretionary funds included a $1,400 tax refund from 2001, in which she claimed her daughters as dependents, $2,500 from the divorce settlement, and $3,000 as a gift from her uncle. However, rather than make an effort to help support her children, appellant spent her money on immaterial luxuries, such as manicures, $50 per month on entertainment, $434 per month for her car payment and insurance, and breast augmentation surgery, which cost $3,500. Thus, pursuant toGeisman and Bovett, appellees met their burden of showing by clear and convincing evidence that appellant failed to provide support for her children for the requisite one-year period and that this failure was without justifiable cause. Therefore, the burden shifted to appellant to present evidence indicating that such failure was justifiable. However, appellant has failed to present any evidence of a justifiable cause for her failure to provide for the support of her children, other than to state that she had no judicial order of support.
 {¶ 15} Appellant contends that the June 21, 2001 judgment entry, which transferred custody of the children to appellees, terminated her support obligation or negated her legal obligation as a parent to support her children since it did not specifically state that she had a continuing duty to pay child support. However, the June 21, 2001 entry did not abrogate appellant's judicial decree duty to support her children in accordance with the March 23, 2001 entry, because it did not specifically state that appellant was relieved of her duty to support her children. Instead, the June 21, 2001 order merely transferred custody to appellees and did not in any way terminate appellant's support obligation. See R.C. 2151.01.1(B)(45). In any event, even if appellant did not have a common law obligation to support her children, a statutory duty existed pursuant to R.C. 3103.03(A). See, also, State ex rel. Wrightv. Indus. Comm. (1943), 141 Ohio St. 187, 189.
 {¶ 16} In order to make a determination whether the failure to support is justified, the Supreme Court of Ohio has made a distinction between a parent who is unwilling but able to support, and a parent who is willing to support but unable to do so. Kuhlmann at 51, citing In reAdoption of Masa (1986), 23 Ohio St.3d 163, 166. The latter could constitute justification. Kuhlmann, supra, at 51. The record before us demonstrates that although appellant was able to support her children, she failed to provide any support, monetary or otherwise, during the relevant one-year period.
 {¶ 17} Appellant argues that she sent gifts to her children, which involved one instance where the girls received teddy bears. However, the Second District has stated that gifts do not fulfill a support obligation when not requested. In re LaValley (July 9, 1999), 2d Dist. No. 17710, 1999 Ohio App. LEXIS 3205, at 7-8. The Fourth District, on the other hand, has expanded on this notion to include the fact that gifts may be considered if they constitute necessary support and are not considered to be meager. In re McNutt (Sept. 27, 1999), 134 Ohio App.3d 822, 829. We must note, however, that a meager amount of support may be justifiable depending upon the specific facts of the case. In re Dea (Mar. 25, 1994), 11th Dist. No. 92-L-120, 1994 Ohio App. LEXIS 1318, at 8. "* * * [T]he terms `maintenance' and `support' may include, but are not limited to, monetary payments." McNutt, supra, at 829. "* * * [A] `meager' amount of support is sufficient to avoid a finding that the parent's consent is not required. * * * Conversely, contributions which are of no value to the child generally do not qualify as maintenance and support." Id. at 829-830. We agree with the expanded reasoning of the Fourth District. As such, appellant's gifts were of no value to the girls and thus do not qualify as maintenance and support with respect to the specific facts of this case. Therefore, appellant waived her right to consent pursuant to R.C. 3107.07(A).
 {¶ 18} For the foregoing reasons, appellant's first, second, and third assignments of error are not well taken. The judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.
JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.