BERCAW, N.K.A. LITTLE, APPELLEE, *v.* BERCAW, APPELLANT.

[Cite as Bercaw *v.* Bercaw (1989), 45 Ohio St. 3d 160.]

(No. 88-765—Submitted April 6, 1989—Decided August 23, 1989.)

*David L. Hall & Associates* and *David L. Hall,* for appellee.

*Fowler & Rittgers* and *Charles H. Rittgers,* for appellant.

PATTON, J. The issue in this case is whether a decree of adoption relieves the prior spouse of all past-due child support arrearages not reduced to judgment prior to the adoption. For

the reasons that follow, we hold that it does not.

R.C. 3107.15(A)(1) provides:

"A final decree of adoption and an interlocutory order of adoption that has become final, issued by a court of this state, shall have the following effects as to all matters within the jurisdiction or before a court of this state:

"(1) Except with respect to a spouse of the petitioner and relatives of the spouse, to relieve the biological or other legal parents of the adopted person of all parental rights and responsibilities, and to terminate all legal relationships between the adopted person and his relatives, including his biological or other legal parents, so that the adopted person *thereafter* is a stranger to his former relatives for all purposes including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after the adoption is decreed, which do not expressly include the person by name or by some designation not based on a parent and child or blood relationship * * *." (Emphasis added.)

Appellant argues that a literal interpretation of R.C. 3107.15(A)(1) compels the conclusion that the act of adoption retroactively applies to relieve him of all statutory obligations, including child support, that have not been reduced to judgment prior to the adoption. We disagree.

Appellant's argument fails to consider that by using the word "thereafter," the General Assembly clearly intended that adoption would have prospective application in terminating any legal relationship between the adopted person and the former parent. Adoption does not relieve the former parent of prior obligations to support his child notwithstanding that accrued arrearages of child support payments had not been reduced to judgment prior to the adoption decree. Indeed, the precise wording of the statute supports this conclusion. The statute states that "* * * the adopted person thereafter is a stranger to his former relatives * * *." Once adoption is decreed, *thereafter* the former parent is relieved of any statutory duty to support the child because the parent's future obligations to the child cease with the termination of the parent-child relationship. Even though the adoption terminates any future legal relationship, it has no effect on obligations that accrued during the tenure of the then-existing parent-child relationship.

The statute clearly embodies the principle that parents have continuing support obligations to their children. These obligations are defined by statute and the common law. *State, ex rel. Wright,* v. *Indus. Comm.* (1943), 141 Ohio St. 187, 25 O.O. 277, 47 N.E. 2d 209, paragraph one of the syllabus. Society expects that those who bring children into this world will care for and attend to those children. *State* v. *Ducey* (1970), 25 Ohio App. 2d 50, 55, 54 O.O. 2d 80, 83, 266 N.E. 2d 233, 236; *Bauer* v. *Bauer* (1987), 39 Ohio App. 3d 39, 528 N.E. 2d 964. This obligation continues until the duty of support expires, whether due to the child reaching the age of majority, adoption, or some other legal termination of that duty. Until such termination of parental support obligations occurs, a parent may not unilaterally cease supporting his minor children. Consequently, while parents may divorce from each other, they may not divorce from their children.

This court has long recognized the importance of compelling a parent's duty to support minor children through the courts. For example, in *Corbett* v. *Corbett* (1930), 123 Ohio St. 76, 174 N.E. 10, paragraph one of the syllabus, we held that the court retained jurisdiction for the period that

children remain minors despite the absence of any express reservation of jurisdiction in the divorce decree. See, also, *Peters* v. *Peters* (1968), 14 Ohio St. 2d 268, 43 O.O. 2d 441, 237 N.E. 2d 902, syllabus. In *Corbett, supra,* the court retained jurisdiction even though the parties had agreed to custody and support through a separation agreement. In *Smith* v. *Smith* (1959), 168 Ohio St. 447, 7 O.O. 2d 276, 156 N.E. 2d 113, paragraph two of the syllabus, we further held that the court retains jurisdiction to enforce the payment of unpaid and delinquent installments on an installment support order or judgment, upon the attainment of majority by the minor for whose benefit the support order was made.

The fact that an adoption is involved does not alter the underlying support obligation accruing prior to the adoption. It makes no difference when the arrearages are sought to be reduced to judgment; that is, whether sought before or after the adoption. Since installment support payments may not be modified, the court can accurately reduce the arrearages to a lump-sum judgment at any time. *Smith, supra,* at paragraph one of the syllabus; see, also, *McPherson* v. *McPherson* (1950), 153 Ohio St. 82, 41 O.O. 151, 90 N.E. 2d 675, syllabus. At either time, whether before or after adoption, where there is an unfulfilled support obligation due to arrearages of child support payments accruing prior to adoption, such arrearages may not be retroactively extinguished by a decree of adoption.

This issue is not a novel one. Several appellate courts have decided this issue in a similar manner. In *Koson* [*Kosen*] v. *Koson* [*Kosen*] (App. 1942), 23 O.O. 449, 42 N.E. 2d 778, the court held that the trial court retained jurisdiction over the support order itself, but not the child, once the adoption had been finalized. Similarly, in *Williams* v. *Williams* (Feb. 19, 1987), Cuyahoga App. No. 51722, unreported, the Cuyahoga County Court of Appeals found that the domestic relations court retained continuing jurisdiction to render a decision involving child support arrearages occurring prior to the adoption of a child. More recently, in *Riggs* v. *Strawser* (Feb. 14, 1989), Franklin App. No. 88AP-620, unreported, the Franklin County Court of Appeals construed R.C. 3107.15(A)(1) to relieve the obligor spouse of support duties only from the date of the adoption decree. In *Riggs,* the same argument was raised as here. The court of appeals, at 4, relying on *Koson, supra,* held that "R.C. 3107.15(A)(1) relieves appellant as the adjudicated biological father of all parental responsibilities only from the date of the adoption decree. It does not relieve him of obligations which he had as a parent of the child prior to that time." We agree with this reasoning.

In conclusion, the court's authority to enforce payment of child support arrearages is not defeated by the subsequent adoption of the child. Accordingly, we hold that following an adoption, R.C. 3107.15(A)(1) does not operate in a retroactive manner to relieve the payor spouse of all past due child support arrearages not reduced to judgment prior to adoption.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

JOHN T. PATTON, J., of the Eighth Appellate District, sitting for RESNICK, J.