1998 OK CIV APP 24

1998 OK CIV APP 24

**Larry Dale NEWTON, Plaintiff/Appellant,**

v.

**Regina Lynn NEWTON, Defendant/Appellee.**

**No. 88200.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 17, 1998.

D.D. Hayes, Bonds, Matthews, Bonds & Hayes, Muskogee, for Plaintiff/Appellant.

Tim K. Baker, Baker & Baker, Tahlequah, for Defendant/Appellee.

## OPINION

BUETTNER, Presiding Judge.

¶ 1 The question before us is one of law: does the adoption of a child by a custodial parent's new spouse waive the custodial parent's cause of action for unpaid, pre-adoption child support? We answer in the negative. The payor spouse is liable for supporting the child until the effective date of the adoption and the act of adoption does not release the payor parent from accrued arrearage.

¶ 2 The facts in this case are not in controversy. The parties married in September 1984 and had one child, born February 9, 1988. They divorced in March 1991 and Mr. Newton was ordered to pay $200 per month in child support. Mrs. Newton married Mr. Harris August 20, 1991.[1] On July 26, 1993, Mrs. Newton filed a contempt action for nonpayment of child support, alleging delinquen-

cies of $550.40 in child support and $536.20 in day care expenses. No order was entered.

¶ 3 Mr. Harris and Mrs. Newton, petitioned the court for a decree of adoption which the court granted December 5, 1994. In the decree of adoption, the court specifically found that Mr. Newton was ordered to pay child support in the divorce decree and that for a period of one year preceding the filing of the adoption petition, Mr. Newton had wilfully failed, refused, and neglected to contribute to the child's support as provided in the divorce decree.

¶ 4 On March 31, 1995, Mrs. Newton filed an application for contempt and determination of arrearage alleging Mr. Newton had failed to pay child support since May 1, 1993. The court entered judgment in favor of Mrs. Newton in the amount $5,799.69 plus costs and attorney fees. It specifically rejected Mr. Newton's argument that the adoption acted as a waiver of Mrs. Newton's rights to reduce child support arrearages to judgment.[2]

¶ 5 On appeal, Mr. Newton contends that (1) Mrs. Newton's failure to reduce the arrearage to judgment before the adoption, which was based on twelve months' nonsupport, was a waiver of that arrearage; and (2) laches should have barred her claim after filing for and receiving the adoption. We disagree on both counts and affirm the trial court.

¶ 6 In support of his first contention, Mr. Newton asks us to "reasonably assume" from the chronology that Mrs. Newton's failure to attempt to collect arrearage between the time of her first application for contempt citation, July 26, 1993, and the filing of the petition for adoption, October 25, 1994, was to assure that Mr. Newton did not make any of his child support payments. Payment of child support would have interrupted the twelve month period required pursuant to 10 O.S.1991 § 60.6 for adoption without the consent of the parent. He also claims that "her calculated decision not to enforce the divorce

---

1. The record reflects that Mrs. Newton assumed the last name of her new husband, Harris, but for the purpose of this opinion, we are using the names found in the caption of the pleadings.

2. There is no record of the facts presented for review. The parties stipulated to the chronology recited in this opinion. The file contains (1) the order appealed from; (2) the March 31, 1995 application for contempt citation and determination of arrearage as money judgment; (3) the July 26, 1993 application for contempt citation; and (4) the decree of adoption.

decree in order to facilitate the adoption of her son by her new husband" should have constituted a waiver of unpaid child support.

¶7 We do not assume anything from a silent record. "Absent a record showing otherwise, this court *presumes that the trial court did not err.*" *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496, 497. A payee's failure to attempt collection does not waive such right. The decree of divorce ordered Mr. Newton to pay child support. Whatever he believed to be Mrs. Newton's motivation, all Mr. Newton ever had to do was obey the court's order and make his child support payments. Finally, the fact that the action to reduce arrearage to judgment was brought after the adoption is irrelevant to the right to attempt to collect the arrearage. "Even though the adoption terminates any future legal relationship, it has no effect on obligations that accrued during the tenure of the then-existing parent-child relationship." *Bercaw v. Bercaw,* 45 Ohio St.3d 160, 543 N.E.2d 1197, 1199 (1989). The *Bercaw* court further stated that the "fact that an adoption is involved does not alter the underlying support obligation accruing prior to the adoption. It makes no difference when the arrearages are sought to be reduced to judgment; that is, whether sought before or after the adoption." *Id.* 543 N.E.2d at 1199.

¶8 Mr. Newton's second argument, that the claim should have been barred by laches, must also fail. He "assumed that, since no action had taken place on Appellee's Contempt Citation since it was filed in July of 1993, he had been relieved of all obligation for past and future child support." [3] He supports his assumption by citing 10 O.S. Supp.1995 § 7006–1.3.B(2) [4] which states:

Any actual notice of termination of parental rights and order terminating parental rights shall indicate that the duty of the parent to support his or her minor child will not be terminated except for adoption as provided by paragraph 3 of this subsection.

A citation for contempt is not an order terminating parental rights.

¶9 For laches to be successfully applied, the person asserting the equitable defense must show "an unreasonable delay in the enforcement of the claim and that by reason of this delay the defendant has been materially prejudiced." *Olansen v. Texaco Inc.,* 1978 OK 139, 587 P.2d 976, 985 citing *Crumley v. Smith,* 1964 OK 218, 397 P.2d 119. "Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another." *Mattson v. Fezler,* 202 Okla. 589, 216 P.2d 275 (1949) (Syllabus by the Court). "It is a fundamental principle of equity jurisprudence that 'He who comes into equity must come with clean hands'." *Leathers v. Commercial National Bank in Muskogee,* 1965 OK 200, 410 P.2d 541, 546. Mr. Newton stipulates to the fact that an arrearage accrued and does not dispute the amount of arrearage as found by the court. The delay was not unreasonable because the law in effect at the time, 43 O.S. Supp.1994 § 137, allowed execution of the judgment within five years of the judgment.[5] There is no evidence in the record to support an allegation that Mr. Newton was substantially prejudiced by the timing of the filing. Mr. Newton's unsupportable belief that he did not have to pay his court ordered child support after the first application for contempt was filed did not relieve him of his duty to support his child up to the time the child was adopted by Mr. Harris.

¶10 For these reasons, we affirm the order of the trial court.

AFFIRMED.

HANSEN and ADAMS, JJ., concur.

---

3. Appellant's brief-in-chief at page 5.

4. This section of the law in 1994 did not change with the 1995 amendments, except that the whole law entitled "Effect of termination of parental rights" was renumbered from 10 O.S. Supp.1994 § 1132 to 10 O.S. Supp.1995 § 7006–1.3.

5. On the day after a child support payment or installment is due but not paid, it becomes a judgment by operation of law. The 1996 amendment to § 137(C) states, in pertinent part that a "child support judgment shall not become dormant for any purpose, except that it shall cease to be a lien upon real property five (5) years...."