**HUDGINS, Appellant,**

v.

**MITCHELL, Appellee.**

[Cite as *Hudgins v. Mitchell* (1998), 128 Ohio App.3d 403.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18574.

Decided June 17, 1998.

*Sharyl W. Ginther,* for appellant.

*Stephen D. Hardesty,* for appellee.

SLABY, Judge.

Appellant, Dawn M. Hudgins, appeals from the judgment entry of the Summit County Juvenile Court in which the court denied approval of an agreed entry for payment of past child support from her biological father, John Mitchell, appellee. We reverse and remand.

Dawn was born on September 4, 1974, when her mother and appellee were both still in high school. Dawn's biological parents never married, and Dawn's mother and grandparents raised Dawn. Appellee had very little contact with Dawn when she was an infant, and he did not provide any financial support. After completing high school, appellee joined the Air Force and moved away. Dawn's mother claimed that neither she nor the Department of Human Services was able to locate appellee despite many attempts to do so. Appellee claimed that the family informed him that they did not want him to be involved in Dawn's life and that they did not seek any support. Dawn's mother eventually married, and in July 1985, when Dawn was almost eleven years old, she was adopted by her stepfather.

After Dawn was emancipated, appellee initiated contact and introduced himself as her father, but a closer relationship was never established. On April 26, 1996, Dawn filed an action to determine a father-and-child relationship and child support obligation with the Juvenile Division of the Summit County Court of Common Pleas. She sought the determination that appellee was her biological father and that he had a duty of support for the period of her minority prior to her adoption.

At a hearing on October 29, 1996, appellee admitted that he was Dawn's biological father in order to obviate the need for genetic testing. The issue of

past support was to be continued for hearing on a later date. On November 19, 1996, the magistrate issued a decision finding a father-child relationship.

Prior to the trial date on the support issue, all parties signed an agreed judgment entry for submission to the juvenile court. That entry contained a release by Dawn's mother and a schedule of payments totaling $7,000, to be paid directly to Dawn, to satisfy appellee's support obligation from Dawn's birth until the time of her adoption. The agreed entry also corrected the record, if that was necessary, by vacating the magistrate's decision that found that a father-child relationship existed between the parties. The parties agreed that appellee is the natural biological father of appellant, but it was neither party's intent to nullify the adoption of Dawn or to establish any present father-child relationship with appellee.

The trial court *sua sponte* vacated the magistrate's November 19 decision but declined to approve the agreed judgment entry. The trial court concluded that appellee did not have a retroactive obligation to pay for his daughter's support because no support order had been established prior to Dawn's adoption and that upon adoption, all rights and obligations of the biological father were terminated. Dawn now appeals that judgment, raising three assignments of error.

## ASSIGNMENT OF ERROR I

"The trial court erred as a matter of law in its judgment order of May 14, 1997, by vacating the November 19, 1996 judgment order of the same court determining that a father/child relationship existed between defendant–appellee and plaintiff–appellant."

In the first assignment of error, Dawn contends that the trial court erred as a matter of law when it *sua sponte* vacated the magistrate's November 19, 1996 decision that had found a father-child relationship between Dawn and appellee. We agree.

The magistrate's decision, which was approved and adopted by the court, erroneously contained boilerplate language common to most paternity actions, referring to "the minor child Dawn" and finding that a father-child relationship existed. This case, however, was atypical because Dawn was twenty-two years old, and a father-child relationship already existed by virtue of her adoption by her stepfather more than a decade earlier.

Following the filing of this order, there was a change in court personnel. The new judge was concerned that this order created a situation in which Dawn "has two fathers." The court found this decision to be contrary to law and *sua sponte* vacated the November 19 decision. We find that the juvenile court erred in vacating this final order.

■ A trial court has no authority to vacate its final orders *sua sponte.* *Sperry v. Hlutke* (1984), 19 Ohio App.3d 156, 158, 19 OBR 246, 248–249, 483 N.E.2d 870, 872–873; *Hellmuth, Obata & Kassabaum v. Ratner* (1984), 21 Ohio App.3d 104, 107, 21 OBR 112, 114, 487 N.E.2d 329, 331–332. Prior to the adoption of the Ohio Rules of Civil Procedure, trial courts possessed the inherent power to vacate their own judgments. See *McCue v. Buckeye Union Ins. Co.* (1979), 61 Ohio App.2d 101, 103, 15 O.O.3d 103, 104–105, 399 N.E.2d 127, 128–129. Since the adoption of the Civil Rules, this court has held that Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. *Rice v. Bethel Assoc., Inc.* (1987), 35 Ohio App.3d 133, 134, 520 N.E.2d 26, 27–28; *Cale Products, Inc. v. Orrville Bronze & Alum. Co.* (1982), 8 Ohio App.3d 375, 378, 8 OBR 489, 491–492, 457 N.E.2d 854, 857–858; *Household Fin. Co. v. Burt* (Nov. 7, 1979), Summit App. No. 9336, unreported, at 2. But, see, *Cuyahoga Child Support Enforcement Agency v. Guthrie* (Oct. 2, 1997), Cuyahoga App. No. 72216, unreported, 1997 WL 607530.

■ Under Civ.R. 60(A), however, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative." This rule is not applicable to substantive errors, but is intended to permit courts to correct "blunders in execution." *Kuehn v. Kuehn* (1988), 55 Ohio App.3d 245, 247, 564 N.E.2d 97, 100.

This appears to be a case involving such a "blunder in execution" where it would have been appropriate for the trial court to have utilized Civ.R. 60(A) to correct the inaccurate wording in the decision. The record clearly demonstrates that it was the intent of all of the parties to reflect only that a biological relationship existed between Dawn and appellee. The trial court could have corrected the language in the decision to reflect the fact that Dawn is not a minor and to rectify the omission of the word "biological" from the description of the father-child relationship. Civ.R. 60(A) enables the trial court to correct the record to reflect what happened in court without vacating the order.

The appellant's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

"The trial court erred as a matter of law by holding that R.C. 3107.15 precluded the court from adopting an agreed judgment entry between the parties allocating a support obligation to defendant–appellee for the support of plaintiff–appellant during the time period from her birth to her adoption."

The juvenile court refused to approve the agreed judgment entry because it believed that the agreement was contrary to law. The court concluded that Dawn's adoption had extinguished all of appellee's obligations to his biological daughter.

R.C. 3107.15 states that the effect of an adoption is as follows:

"(A) A final decree of adoption * * * shall have the following effects as to all matters within the jurisdiction or before a court of this state * * *:

"(1) Except with respect to a spouse of the petitioner and relatives of the spouse, to relieve the biological or other legal parents of the adopted person of all parental rights and responsibilities, and to terminate all legal relationships between the adopted person and the adopted person's relatives, including the adopted person's biological or other legal parents, so that the adopted person thereafter is a stranger to the adopted person's former relatives for all purposes including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after the adoption is decreed, which do not expressly include the person by name or by some designation not based on a parent and child or blood relationship."

The trial court and appellee argue that R.C. 3107.15(A)(1) eliminates any obligation to the adopted child other than those that had already been ordered by a court and which remained unpaid at the time of the adoption.. We find that this argument lacks validity.

In *Bercaw v. Bercaw* (1989), 45 Ohio St.3d 160, 543 N.E.2d 1197, the obligor father argued that R.C. 3107.15(A)(1) relieved him of all statutory child support obligations that had not been reduced to judgment prior to the adoption. The Supreme Court in *Bercaw* held:

"The fact that an adoption is involved does not alter the underlying support obligation accruing prior to the adoption. It makes no difference when the arrearages are sought to be reduced to judgment; that is, whether sought before or after the adoption." *Id.* at 162, 543 N.E.2d at 1199. See, also, *Kosen v. Kosen* (App. 1942), 36 Ohio Law Abs. 156, 23 O.O. 449, 42 N.E.2d 778, appeal dismissed *sub nom. Koson v. Koson* (1942), 140 Ohio St. 131, 23 O.O. 459, 42 N.E.2d 647.

Appellee attempts to distinguish *Bercaw* from the situation in the case *sub judice* because an order for child support was in existence prior to the adoption in *Bercaw*. Although appellee did not have a court order to pay support, we do not agree with the trial court's statement that "no obligation of support accrued prior to the date of adoption." Appellee, as Dawn's biological father, had an obligation to support the child he fathered for the first eleven years of her life, up until the time of the adoption. See R.C. 3103.03

In a somewhat similar case in which no support orders existed for the ten years prior to the child's adoption, the Tenth District Court of Appeals ordered the biological father to pay the medical expenses of birth and child support up until the time of adoption. See *Riggs v. Strawser* (Feb. 14, 1989), Franklin App. No. 88AP–620, unreported, 1989 WL 11948. In *Riggs,* the appellate court found that

"there was a past unfulfilled obligation by appellant to support the child and to pay the medical expenses of birth. Those past expenses are not terminated by the granting of the adoption." *Id.* at *2. Further, in *Bercaw, supra,* 45 Ohio St.3d at 162, 543 N.E.2d at 1199, the Supreme Court quoted from *Riggs:*

" 'R.C. 3107.15(A)(1) relieves appellant as the adjudicated biological father of all parental responsibilities only from the date of the adoption decree. It does not relieve him of obligations which he had as a parent of the child prior to that time.' "

 The law allows a child to establish paternity and pursue a past support obligation even after any present support obligation has been eliminated due to the child's reaching majority. R.C. 3111.05. See *Seegert v. Zietlow* (1994), 95 Ohio App.3d 451, 460, 642 N.E.2d 697, 703. If a child is permitted to pursue past support from a putative father, even though no current support duty exists because of the child's emancipation, we see no reason why a child should not be permitted to pursue past support from a biological parent, even though the present obligation has ceased because of an adoption.

While a parent's future duty to support a child is clearly terminated by adoption, the right to pursue the child support obligation for the time period prior to the adoption is not extinguished by the adoption. The trial court erred in finding that it was contrary to law to attribute an obligation to appellee for the support of his daughter prior to her adoption.

Appellant's second assignment of error is sustained.

## ASSIGNMENT OF ERROR III

"The trial court abused its discretion by refusing to approve the agreed judgment entry accepted by both plaintiff–appellant and defendant–appellee as a full and complete settlement of all issues."

 Appellant contends that it was an abuse of discretion for the trial court to deny an agreed judgment entry that was approved by all the parties and was clearly in the best interest of the child. Based upon our disposition of the previous two assignments of error, we agree.

Appellant's third assignment of error is sustained. The decision of the trial court is reversed, and the cause is remanded for proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

REECE, J., concurs.

QUILLIN, P.J., concurs in judgment only.