OPINION
Plaintiff-appellant The Huntington Mortgage Company appeals from the February 2, 2000, Judgment Entry of the Ashland County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
On February 27, 1998, appellant filed a complaint for foreclosure of specified real property against Constance J. Kelly, aka Constance J. Heffelfinger, John Doe, her unknown spouse, if any, Robert E. Heffelfinger and the Ashland County Treasurer. While an answer and cross-claim were filed by the Ashland County Treasurer on March 5, 1998, appellee Constance J. Kelly, aka Constance J. Heffelfinger filed an answer on March 27, 1998. Pursuant to a Notice of Dismissal filed on May 4, 1998, Robert Heffelfinger was dismissed as a party defendant. Thereafter, a Motion for Summary Judgment was filed by appellant on July 23, 1998. The trial court, as memorialized in a Judgment Entry filed on September 2, 1998, granted appellant's Motion for Summary Judgment. After it was discovered that Guy D. Rainey dba Rainey's Landscaping Home Improvement was a necessary party defendant, a supplemental complaint was filed by appellant with leave of court on November 23, 1998. Guy D. Rainey dba Rainey's Landscaping Home Improvement filed an answer and cross-claim on December 31, 1998. Subsequently, pursuant to a Judgment Entry filed on February 2, 1999, the trial court granted appellant's Motion for Summary Judgment. An Order of Sale was then issued and a Sheriff's Sale was scheduled for April 12, 1999. After the sale, it was determined that there was a lien upon the subject property held by Magdalene Corbin, O.D., who had not been named in the foreclosure action, and that title to the property was, therefore, not marketable. For such reason, an order vacating the Sheriff's Sale and granting appellant leave to file a Second Supplemental Complaint adding Corbin as a party defendant was filed on August 20, 1999. The Second Supplemental Complaint also was filed on such date. An answer and cross-claim were filed by Magdalene Corbin, O.D. Assoc. on September 22, 1999. As memorialized in a Judgment Entry filed on November 8, 1999, the trial court once again granted appellant's Motion for Summary Judgment. An Order of Sale was then issued on November 19, 1999, and the Sheriff's Sale was set for January 10, 2000. After the Sheriff received a FAX from appellant's counsel on January 10, 2000, indicating that the sale should be canceled, the Sheriff's Sale did not go forward. Thereafter, the trial court, in a Judgment Entry filed on January 12, 2000, stated as follows: This matter is before the Court upon a proposed Order withdrawing the subject premises from the Sheriff Sale previously scheduled for January 10, 2000, herein, and the proposed Order further states " . . . the Plaintiff does not wish to have the property sold at this time, it is the Order of the Court that the Sheriff return the Order of Sale without execution." The Court notes that this is one of the oldest foreclosure cases on its docket (filed February 27, 1998) and that extensive proceedings have taken place to this point. The Court is inclined to dismiss the within action without prejudice at this time, and by this Entry gives Notice to all parties of this intention. Therefore, unless a party in interest files a Motion with this Court, stating good cause to the contrary on or before January 28, 2000, the within action will be dismissed, without prejudice, by the Court for lack of proper prosecution.
In addition, the trial court, in a letter to appellant's counsel dated January 12, 2000, indicated that appellant had "until January 28, 2000, to file another Order of Sale (with additional $500 deposit), or this entire action will be dismissed, without prejudice, on that day." After receiving the same, appellant's counsel sent a Praecipe for an Alias Order with a check for $500.00 to the Ashland County Clerk of Courts. Subsequently, pursuant to a Judgment Entry filed on February 2, 2000, the trial court dismissed appellant's case without prejudice, holding as follows: By Judgment Entry dated January 12, 2000, this Court provided that " . . . unless a party in interest files a Motion with this Court, stating good cause to the contrary on or before January 28, 2000, the within action will be dismissed, without prejudice, by the Court for lack of prosecution." No such Motion has been forthcoming. Rather, counsel for Plaintiff has attempted to process yet another Sheriff's Sale by the use of a Praecipe for Alias Order of Sale, apparently bypassing the Court's January 12, 2000, Judgment Entry quoted above. In any event, no party having filed a Motion in conformity with the Court's January 12, 2000, Judgment Entry, and for all the reasons contained therein, the within action is hereby DISMISSED, without prejudice.
It is from the trial court's February 2, 2000, Judgment Entry that appellant prosecutes its appeal, raising the following assignment of error: THE COURT ERRED IN DISMISSING THE WITHIN ACTION.
 I
Appellant, in its sole assignment of error, argues that the trial court erred in dismissing appellant's case. We concur. As is stated above, the trial court, pursuant to a Judgment Entry filed on November 8, 1999, granted appellant's Motion for Summary Judgment finding that "reasonable minds can come to but one conclusion which is adverse to the Defendants [sic], Constance J. Kelly aka Constance J. Heffelfinger, and that Plaintiff is entitled to judgment as a matter of law." The trial court, in such entry, further ordered that the subject property be foreclosed. A judgment of foreclosure, such as the one issued on November 8, 1999, in the case sub judice, is a final appealable order. See Oberlin Savings Bank Co. v. Fairchild (1963), 175 Ohio St. 311, 312. The November 8, 1999, Judgment Entry was, in fact, designated as such. By dismissing appellant's foreclosure action pursuant to a Judgment Entry filed on February 2, 2000, the trial court clearly vacated its November 8, 1999, final Judgment Entry ordering foreclosure of the subject property. However, a trial court has no authority to vacate its final orders sua sponte. Hudgins v. Mitchell (1998), 128 Ohio App.3d 403, 407. See also Hellmuth, Obata Kassabaum v. Ratner (1984), 21 Ohio App.3d 104, 107. Rather, since the adoption of the Civil Rules, Civ.R. 60(B) provides the only means for a trial court to vacate a final judgment. See Hudgins, supra. Such rule provides, in relevant part, as follows: (A) Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . . (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. . . . The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.
While Civ.R. 60(A) authorizes a trial court to correct clerical mistakes that are apparent on the record, it does not permit a trial court, as in the case sub judice, to make substantive changes in judgments. Londrico v. Delores C. Knowlton, Inc. (1993), 88 Ohio App.3d 282,285. Moreover, there is no evidence in the record that the trial court, by issuing its February 2, 2000, Judgment Entry dismissing appellant's case, was correcting a clerical mistake. Nor is there evidence that the trial court was authorized under Civ.R. 60(B) to sua sponte vacate its November 8, 1999, Judgment Entry. In short, as appellant correctly notes, "[t]he Court in this matter failed to follow any of the reasons set forth in Rule 60(B) for the vacation and dismissal of a case."
Based on the foregoing, we find that the trial court had no authority to sua sponte vacate its November 8, 1999, final Judgment Entry and to dismiss appellant's foreclosure action. Accordingly, appellant's sole assignment of error is sustained. The judgment of the Ashland County Court of Common Pleas is, therefore, reversed.
 _____________________ Edwards, J.
J. Hoffman, P.J. and Farmer, J. concurs