This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Robert and Sandra Kellar (n.k.a Sandra Honaker) have appealed an order from the Medina Common Pleas Court that granted Appellee Silverwood Enterprises' motion to reconsider the trial court's May 24, 2000 judgment and another order that denied Appellants' subsequent motion for relief pursuant to Civ.R. 60(B). Because this Court lacks jurisdiction for this appeal, the cause is dismissed.
 I.
On November 19, 1997, Cuyahoga Savings Association (now known as Charter One Bank) filed a complaint for foreclosure against Appellants. Bank One filed an answer and cross-claim in the proceeding and later filed a separate action for foreclosure against Appellants. The cases were eventually consolidated.
Bank One moved for a default judgment, which the trial court granted. The trial court also granted Cuyahoga Savings Association a judgment against Appellant Sandra Honaker. A sheriff's sale took place at which Appellee purchased the property. Shortly thereafter, Appellant Sandra Honaker filed a petition for bankruptcy. Bank One moved to vacate the sheriff's sale, which the trial court granted prior to its confirmation.
After the stay was lifted, Appellee again purchased the property at a second sheriff's sale for $108,000. On May 15, 2000, Cuyahoga Savings Association filed a motion to confirm the sheriff's sale. The next day, Appellants deposited $92,461.98 with the clerk in an effort to exercise their statutory right of redemption pursuant to R.C. 2329.33.
On May 22, 2000, the trial court issued an order confirming the sheriff's sale. Two days later, on May 24, 2000, the trial court vacated the May 22, 2000 decision and issued an order confirming Appellants' statutory right of redemption. Appellee filed a motion to intervene, which the trial court granted. At the same time, Appellee filed a motion that essentially asked the trial court to reconsider its judgment entered on May 24, 2000.
On June 6, 2000, the trial court issued a supplemental order correcting certain deficiencies in the amount of $757.48 that Appellants paid to the clerk when exercising their right to redemption. On July 11, 2000, the trial court granted Appellee's motion which reconfirmed the sheriff's sale and vacated the confirmation of Appellants' statutory right of redemption. Appellants timely appealed the decision. Appellants also filed a motion in the trial court for relief from the judgment entered July 11, 2000. The trial court denied Appellants' request on August 17, 2000. Appellants timely appealed the judgment, asserting two assignments of error. This Court consolidated both matters on appeal.
 II.
It is well established that an order must be final before an appellate court can review it. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02. See, also, General Acc. Ins. Co. v. Insurance Co. of NorthAmerica (1989), 44 Ohio St.3d 17, 20. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed." Renner's Welding Fabrication, Inc.v. Chrysler Motor Corp. (1996), 117 Ohio App.3d 61, 64.
An order confirming a sale of property is a final, appealable order. See Mandalaywala v. Zaleski (1997), 124 Ohio App.3d 321, 329. Although a trial court can change its judgment, the Ohio Civil Rules of Procedure, limit the avenues through which a party may petition the trial court to change its own judgment. See Harkai v. Scherba Industires, Inc. (2000),136 Ohio App.3d 211, 215. For instance, a party may file a motion pursuant to Civ.R. 50(B), Civ.R. 53(E)(4)(c), Civ.R. 59 or Civ.R. 60(B). See id.
The record in this case indicates that on May 15, 2000, Cuyahoga Savings Association filed a motion to confirm the sheriff's sale. At no time did Appellants respond in opposition to the motion, request that the trial court set aside the sale, or ask for a stay pending their exercise of redemption. This Court concludes that the judgment that confirmed the sheriff's sale on May 22, 2000 was final and appealable. However, the trial court's subsequent orders dated May 24, 2000 and July 11, 2000 were void and not appealable. The May 24, 2000 decision is void because the trial court had no authority to sua sponte vacate a final order. SeeHudgins v. Mitchell (1998), 128 Ohio App.3d 403, 407. Moreover, the Ohio Rules of Civil Procedure do not set forth a procedure for reconsideration by a trial court of its final judgment; thus, the July 11, 2000 judgment granting Appellee's motion for reconsideration was a nullity. See Pittsv. Ohio Dept. of Transportation (1981), 67 Ohio St.2d 378, paragraph one of the syllabus.
With regard to the August 17, 2000 decision, a denial of a motion for relief pursuant to Civ.R. 60(B) is a final, appealable order. See GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 149- 150. Although this Court has jurisdiction to review the trial court's decision dated August 17, 2000, it appears that Appellants have failed to assign any error concerning that order. Instead, Appellants' have challenged the procedure and merits of the July 11, 2000 order, which this Court has already determined was void. Lastly, the record indicates that neither party timely appealed the May 22, 2000 decision, which was final and appealable. Accordingly, this Court does not have jurisdiction to hear the instant appeal.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
____________________________ BETH WHITMORE
SLABY, P.J. CONCURS.