OPINION
Appellees Charles B. Anderson and Cecilia Anderson, dba Mohican Party Shop, were the owners of residential real property and commercial real property in Loudonville, Ohio. Both properties were secured by mortgage deeds with First National Bank of Ashland, the predecessor in interest to appellant National City Bank.
When appellees defaulted on the mortgage, appellant filed a complaint for money damages and foreclosure in the Ashland County Common Pleas Court on July 2, 1998. Following settlement discussions, appellant filed a motion for summary judgment on the two notes and mortgages. The motion was not opposed, and by judgment of June 15, 1999, the court granted the motion, requesting appellant to prepare a judgment entry. On December 6, 1999, an agreed judgment entry of foreclosure was entered by the trial court. On January 8, 2000, pursuant to the decree of foreclosure, appellant requested that an order of sale issue with respect to the subject properties. The first sheriff's sale was set for March 13, with respect to both the house and the commercial property. Three days before the sale, appellee Cecilia Anderson filed a Chapter 13 Bankruptcy proceeding, staying further execution of foreclosure. Appellant filed a motion for relief from the stay in the bankruptcy proceedings, with the respect to commercial property only. An agreed order for relief from the stay was entered by the bankruptcy court, clearing the way to proceed with a second foreclosure sale as to the commercial property. The stay with respect to the house remains in place.
On August 21, 2000, the trial court vacated its stay in the foreclosure as to the commercial property. The following day, an order for an alias sheriff's sale was issued to the sheriff with respect to this property, and a second sheriff's sale set for October 23, 2000. On that date, the commercial equipment was sold, but the property did not sell, due to lack of bidders.
By letter dated April 24, 2001, the court administrator informed counsel for appellant that it had until May 15, 2001, to proceed with the case, or the action would be dismissed for lack of prosecution. Counsel responded by a letter dated May 15, 2001, faxed to the court administrator, informing the court of appellant's discussions with an auctioneer concerning a private sale of the property. By letter dated May 31, 2001, the court administrator advised that appellant's indefinite plans to conduct a private sale would not prevent dismissal of the case. On May 31, 2001, the trial court entered judgment vacating the foreclosure judgment, and dismissing the complaint sua sponte. The court dismissed the complaint without prejudice.
Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN VACATING THE JUDGMENT ENTRY FOR MONEY AND FORECLOSURE IN THE WITHIN ACTION AND DISMISSING PLAINTIFF-APPELLANT'S ACTION.
This court considered a case with a nearly identical fact pattern to the instant case in Huntington Mortgage Company v. Kelly (November 15, 2000), Ashland Appellate No. 00-COA-1351, unreported. We reversed the court's dismissal of the complaint, concluding that a judgment of foreclosure is a final appealable order. Id., citing Oberlin Savings Bankv. Fairchild (1963), 175 Ohio St. 311, 312. A trial court has no authority to vacate its final order sua sponte. Huntington, supra, citingHudgins v. Mitchell (1998), 128 Ohio App.3d 403, 407. Since the adoption of the Civil Rules, Civ. R. 60 (B) provides the only means by which a trial court may vacate a final judgment. Id.
For the reasons stated in Huntington, supra, we conclude that the court had no authority to sua sponte vacate its December 6, 1999, decree of foreclosure, and to dismiss appellant's foreclosure action. Accordingly, the assignment of error is sustained.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, The May 31, 2001, judgment of the Ashland County Common Pleas Court is vacated. The December 6, 1999, decree of foreclosure, and the complaint filed by appellant in the instant case, are hereby reinstated. This cause is remanded to that court for further proceedings according to law. Costs to appellee.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. and Hon. John W. Wise, J., concur.