OPINION
{¶ 1} This is an appeal by defendant-appellant, Columbus Mobility Specialists, Inc. ("CMS"), from a judgment of the Franklin County Municipal Court, vacating its prior entry granting appellant's motion to dismiss, and finding in favor of plaintiff-appellee, Connie Fraley, on appellee's claim for damages.
 {¶ 2} On October 30, 2003, appellee filed a complaint alleging that her vehicle, while in the possession of CMS, was damaged in the amount of $1,765.47. The matter came for trial before the court on May 25, 2004.
 {¶ 3} Appellee testified that, on July 22, 2003, she took her 2002 Buick Regal to CMS to have hand controls and a "topper" installed. According to appellee, when she returned to pick up the vehicle, she discovered a dent and scratches.
 {¶ 4} At the close of appellee's case-in-chief, counsel for CMS moved to dismiss pursuant to Civ.R. 41(B)(2). More specifically, counsel argued that appellee had failed to establish ownership through a certificate of title or by stipulation. The court reserved ruling on the motion at that time, and CMS proceeded to present its case.
 {¶ 5} On May 27, 2004, the trial court filed an entry sustaining the motion of CMS to dismiss, based upon the court's finding that appellee failed to establish ownership of the vehicle "as required by R.C. 4504.04." By entry filed on June 22, 2004, the court "sua sponte" vacated its previous entry granting the motion to dismiss and rendered judgment in favor of appellee in the amount of $1,200. In its entry, the court held in part that, although it "originally believed this statute [R.C. 4504.04] to be dispositive, upon further research * * * the Court finds that this statute is not relevant in the instant case."
 {¶ 6} On appeal, CMS sets forth the following three assignments of error for review:
(1) The trial court erred in admitting plaintiff-appellee's Exhibits 1, 2, 3, 4, and 5.
(2) The trial court erred in vacating its decision and entry of May 27, 2004.
(3) The trial court's award of damages to plaintiff-appellee is against the manifest weight of the evidence, is not supported by competent or admissible evidence, and is based upon specualtion.
 {¶ 7} At the outset, we note that the three assignments of error asserted by CMS all relate to the merits of whether the trial court erred in admitting purported hearsay evidence, or in its determination that appellee presented sufficient evidence of ownership of the vehicle. We reverse, however, without reaching the merits of the case, because we conclude that it was improper for the trial court to sua sponte vacate its May 27, 2004 entry.
 {¶ 8} This court has previously recognized that "[a] trial court has no authority to vacate its final orders sua sponte." Bright Road Assoc.v. Homoelle (Mar. 19, 1996), Franklin App. No. 95APE10-1361. See, also,Kemper Securities, Inc. v. Schultz (1996), 111 Ohio App.3d 621, 625
("The trial court * * * had no authority sua sponte to reopen and modify a final order"). Rather, "Civ.R. 60(B) provides the exclusive grounds which must be present, and the procedures which must be followed, in order for a trial court to vacate its own final judgment." (Emphasis sic.) Bright Road, supra. Moreover, while Civ.R. 60(A) permits a trial court to correct clerical mistakes on its own initiative or upon motion of a party, "[t]his rule is not applicable to substantive errors, but is intended to permit courts to correct `blunders in execution.'" Hudginsv. Mitchell (1998), 128 Ohio App.3d 403, 407, quoting Kuehn v. Kuehn
(1988), 55 Ohio App.3d 245, 247.
 {¶ 9} In the present case, following the trial court's May 27, 2004 entry granting CMS's motion to dismiss, neither party filed a motion, pursuant to Civ.R. 60(B), requesting the court to change that judgment. Rather, the court vacated the judgment on its own initiative. Further, the court's change was not clerical, but involved a matter of substance. Therefore, the trial court lacked jurisdiction to vacate its May 27, 2004 final entry, and the court's subsequent entry of June 22, 2004, granting judgment in favor of appellee, was a nullity.
 {¶ 10} Based upon the foregoing, appellant's three assignments of error are rendered as moot, the judgment of the Franklin County Municipal Court is reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
Bryant and Lazarus, JJ., concur.