OPINION
{¶ 1} Defendant-appellant, Tanya L. Greene ("Ms. Greene"), appeals from a judgment of the Franklin County Municipal Court granting summary judgment in favor of plaintiff-appellee, GMAC, LLC ("plaintiff or "GMAC"). For reasons set forth below, we reverse the trial court's granting of summary judgment in favor of plaintiff and remand the matter with instructions. *Page 2 
 {¶ 2} By complaint filed on August 21, 2007, alleging, among other things, that (1) Ms. Greene and Thomas J. Sutton ("Mr. Sutton") defaulted under the terms of a retail installment contract;[1] (2) $12,028.18 was due and owing; and (3) despite a demand having been made upon them, Ms. Greene and Mr. Sutton failed to liquidate the balance due and owing, GMAC sued Ms. Greene and Mr. Sutton in the Franklin County Municipal Court.
 {¶ 3} By certified mail, the clerk of court served a copy of the summons and complaint upon Mr. Sutton.[2] Despite having received service of the complaint and summons, Mr. Sutton failed to enter an appearance before the court.
 {¶ 4} After several unsuccessful attempts at effecting service upon Ms. Greene, in December 2007, the clerk of court apparently successfully served a copy of the summons and complaint upon Ms. Greene. On January 2, 2008, denying allegations in the complaint or asserting that she lacked sufficient knowledge and information to form a belief as to the truth of the allegations in the complaint, Ms. Greene, proceeding pro se, answered the complaint.
 {¶ 5} On January 7, 2008, plaintiff moved for a default judgment. On January 8, 2007, Ms. Greene's answer was again filed with the court. Notwithstanding Ms. Greene's appearance in the action as evidenced by her answer, on January 10, 2008, the trial court found that she failed to enter an appearance before the court. Finding that Ms. Greene failed to enter an appearance despite having been served with process according to law, the trial court entered a default judgment in favor of plaintiff in the amount of $11,350.18, *Page 3 
plus interest. According to the court's docket, on January 11, 2008, the clerk of court issued notice of the default judgment to the parties. From this default judgment, no party appealed or sought other relief.
 {¶ 6} Despite the court's entry of a final judgment, on January 17, 2008, absent a court order, the matter inexplicably was re-opened and, on January 29, 2008, notices concerning a pre-trial hearing were sent to the parties.[3] Claiming no genuine issue of material fact existed and that the matter was ripe for summary judgment, plaintiff thereafter moved for leave to file a motion for summary judgment instanter, which the trial court later granted on February 19, 2008.
 {¶ 7} On March 10, 2008, Ms. Greene filed an affidavit, wherein she averred that: (1) the automobile that was the subject of the retail installment contract was repossessed by plaintiff; (2) after the automobile was repossessed, she did not receive written notice about "the alleged circumstances constituting default or an itemization of the amount needed to care [sic] the default," (Affidavit of Tanya L. Greene, dated March 10, 2008, at paragraph two); and (3) after plaintiff brought its action, she wrote to plaintiff's counsel seeking a copy of "the notice," but, as of the date of the affidavit, she had not received a copy of such "notice" from plaintiff or plaintiff's counsel. Id. at paragraph three.
 {¶ 8} On March 11, 2008, finding no genuine issue of material fact existed and that plaintiff was entitled to judgment as a matter of law, the trial court entered summary judgment in favor of plaintiff in the amount of $11,150.18 plus interest.[4] *Page 4 
 {¶ 9} On March 21, 2008, pursuant to Civ. R. 60, Ms. Greene moved the trial court to vacate its order granting summary judgment in favor of plaintiff. Plaintiff opposed Ms. Greene's Civ. R. 60(B) motion.
 {¶ 10} While Ms. Greene's Civ. R. 60(B) motion was before the trial court, on April 9, 2008, she timely appealed from the trial court's judgment awarding summary judgment in favor of plaintiff. The following day, on April 10, 2008, absent an order from this court, the trial court denied Ms. Greene's Civ. R. 60(B) motion.
 {¶ 11} Ms. Greene assigns three errors for our consideration:
 ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY GRANTING APPELLEE'S MOTION FOR DEFAULT JUDGMENT WHEN APPELLANT HAD ALREADY TIMELY SERVED AND FILED HER ANSWER IN ACCORDANCE WITH THE OHIO RULES OF CIVIL PROCEDURE.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY GRANTING APPELLEE [sic] MOTION FOR SUMMARY JUDGMENT PRIOR TO THE DATE THE TRIAL COURT HAD GIVEN APPELLANT FOR FILING HER MEMORANDUM CONTRA APPELLEE'S MOTION.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY GRANTING APPELLEE SUMMARY JUDGMENT WHEN APPELLANT'S MEMORANDUM CONTRA RAISED GENUINE ISSUES OF *Page 5 
MATERIAL FACT AND LAW PRECLUDING SUMMARY JUDGMENT IN APPELLEE'S FAVOR.
 {¶ 12} Ms. Greene's first assignment of error challenges the trial court's entry of default judgment. Because defendant's first assignment of error is untimely, we dismiss this assignment of error.
 {¶ 13} "For civil cases, App. R. 4(A) requires the notice of appeal to be filed within thirty days of `the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in [Civ. R.] 58(B).'" In re Anderson (2001), 92 Ohio St.3d 63, 67, quoting App. R. 4(A). In In re Anderson, the Supreme Court of Ohio further explained:
 * * * Civ. R. 58(B) requires the court to endorse on its judgment "a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal." The clerk must then serve the parties within three days of entering judgment upon the journal. "The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ. R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ. R. 58(B)." * * *
Id. at 67, quoting Whitehall ex rel. Fennessy v. Bambi Motel, Inc.
(1998), 131 Ohio App.3d 734, 741, dismissed, appeal not allowed (1999),85 Ohio St.3d 1476.
 {¶ 14} Here, the trial court entered default judgment on January 10, 2008, and, according to the court's docket, notice of the default judgment was sent to the parties on January 11, 2008. Ms. Greene, however, failed to perfect an appeal from the trial court's default judgment. Therefore, Ms. Greene's first assignment of error challenging the trial court's default judgment is untimely. In the absence of a timely appeal from the trial court's default judgment, we lack jurisdiction to determine Ms. Greene's first assignment *Page 6 
of error. See, e.g., State v. Morgan, Franklin App. No. 06AP-620,2007-Ohio-1700, at ¶ 17 (finding that, in the absence of a timely appeal, the court lacked jurisdiction to determine assignments of error); see, also Ditmars v. Ditmars (1984), 16 Ohio App.3d 174, 175
(finding that a timely notice of appeal is jurisdictional); Wigton v.Lavender (1984), 9 Ohio St.3d 40, 43 (observing that under Ohio case law an unappealed judgment is final and "that a filing of a notice of appeal is the jurisdictional prerequisite to a valid exercise of appellate jurisdiction").
 {¶ 15} Although we lack jurisdiction to determine Ms. Greene's first assignment of error, under the Ohio Rules of Civil Procedure she is not precluded from seeking relief from the trial court under Civ. R. 60(B). See Civ. R. 55(B); see, also, Perritt v. Nationwide Mut. Ins. Co., Franklin App. No. 03AP-1008, 2004-Ohio-4706, at ¶ 14 (observing that after an order becomes final, a party may seek relief from that order by [1] seeking relief before the trial court under Civ. R. 50[B], Civ. R. 59, or Civ. R. 60[B], or [2] appealing from the trial court's order to an appellate court).
 {¶ 16} Accordingly, Ms. Greene's first assignment of error is dismissed.
 {¶ 17} Ms. Greene's second and third assignments of error challenge the trial court's award of summary judgment in favor of plaintiff.
 {¶ 18} Here, according to the court's docket, after the trial court rendered a default judgment in favor of plaintiff and the clerk of court issued notice of the default judgment to the parties, on January 17, 2008, the matter was re-opened and pre-trial notices were issued to the parties.
 {¶ 19} "Judicial antecedents of this court have previously recognized `that "[a] trial court has no authority to vacate its final orderssua sponte. Lakhi v. Heathcare Choices Consultants, LLC, Franklin App. No. 06AP-806, 2007-Ohio-4127, at ¶ 34, *Page 7 
quoting Fraley v. Columbus Mobility Specialists, Inc., Franklin App. No. 04AP-712, 2005-Ohio-361, at ¶ 8 (emphasis sic), quoting Bright RoadAssoc. v. Homoelle (Mar. 19, 1996), Franklin App. No. 95APE10-1361;Kemper Securities, Inc. v. Schultz (1996), 111 Ohio App.3d 621, 625
(concluding that a trial court had no authority to sua sponte reopen and modify a final order). See, also, Huntington Mtge. Co. v. Kelly (Nov. 15, 2000), Ashland App. No. 00-COA-1351, citing Hudgins v. Mitchell
(1998), 128 Ohio App.3d 403, 407 (stating that "a trial court has no authority to vacate its final orders sua sponte"); Hellmuth, Obata Kassabaum v. Ratner (1984), 21 Ohio App.3d 104, 107 (stating that "[a] trial court has no authority to vacate its orders sua sponte").
(Footnote omitted.) Cf. Society Natl. Bank v. Repasky (Sept. 21, 2000), Mahoning App. No. 99 C.A. 193, 2000-Ohio-2646; Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph four of the syllabus, following and approving Lincoln Tavern v. Snader (1956), 165 Ohio St. 61, paragraph one of the syllabus, and Westmoreland v. Valley Homes Corp. (1975),42 Ohio St.2d 291, 294 (holding that "[t]he authority to vacate a void judgment is not derived from Civ. R. 60(B) but rather constitutes an inherent power possessed by Ohio courts"); C W Inv. Co. v. MidwestVending, Inc., Franklin App. No. 03AP-40, 2003-Ohio-4688, at ¶ 7;Miley v. STS Sys. Inc., 153 Ohio App.3d 752, 2003-Ohio-4409, at ¶ 7, appeal not allowed by, 100 Ohio St.3d 1532, 2003-Ohio-6458;Huntington Natl. Bank v. Shelving Co. (Apr. 6, 2000), Franklin App. No. 99AP-805; Newman v. Natl. Geothermal, Inc. (Feb. 14, 1989), Franklin App. No. 88AP-891.
 {¶ 20} In Lakhi, supra, this court explained:
 "[W]hile Civ. R. 60(A) permits a trial court to correct clerical mistakes on its own initiative or upon motion of a party, `[t]his rule is not applicable to substantive errors, but is intended to permit courts to correct "blunders in execution."'" Fraley, at ¶ 8, quoting Hudgins, at 407, quoting Kuehn v. Kuehn (1988), *Page 8 55 Ohio App.3d 245, 247. Civ. R. 60(B), on the other hand, "governs substantive mistakes and, unlike Civ. R. 60(A), only allows correction of substantive mistakes upon the motion of a party." O'Neill v. Contemporary Image Labeling, Inc.
(Oct. 3, 1997), Hamilton App. No. C-961019.
 A substantive mistake "`consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original thought, [or because on second thought] it has decided to exercise its discretion in a different manner.'" O'Neill, supra, quoting Breen v. Cassese (Jan. 9, 1992), Cuyahoga App. No. 62154, quoting Blanton v. Anzalone (C.A.9, 1987), 813 F.2d 1574, 1577 (interpreting Fed.R .Civ.P. 60 [a]). See, also, Fraley, at ¶ 8, citing Bright Road (stating that "`Civ. R. 60[B] provides the exclusive grounds which must be present, and the procedures which must be followed, in order for a trial court to vacate its own final judgment'") (emphasis sic); but, see, O'Neill (stating that since the enactment of the Ohio Rules of Civil Procedure whether trial courts still possess inherent authority to sua sponte correct judgments is an open question).
Id. at ¶ 35-36.
 {¶ 21} Applying precedent from this court, we find that the trial court was without authority to sua sponte re-open the case to correct a substantive error after it issued a default judgment. Therefore, by granting summary judgment in favor of plaintiff following its sua sponte re-opening of the case, the trial court improperly exercised jurisdiction.
 {¶ 22} "Jurisdiction has been described as `a word of many, too many, meanings.'" Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 33, quoting United States v. Vanness (C.A.D.C. 1996), 85 F.3d 661, 663, footnote 2. Consequently, the term "jurisdiction" is used in various contexts and often is not properly clarified, which has resulted in misinterpretation and confusion. Pratts, at ¶ 33.
 {¶ 23} "`Jurisdiction' means `the courts' statutory or constitutional power to adjudicate the case.'" Id. at ¶ 11, quoting Steel Co. v.Citizens for a Better Environment (1998), 523 U.S. 83, 89,118 S.Ct. 1003 (emphasis omitted); Morrison v. Steiner (1972), *Page 9 32 Ohio St.2d 86, 87, paragraph one of the syllabus; see, also, In reJ.J., 111 Ohio St.3d 205, 2006-Ohio-5484, at ¶ 11. The term "jurisdiction" "encompasses jurisdiction over the subject matter and over the person." Pratts, at ¶ 11, citing State v. Parker,95 Ohio St.3d 524, 2002-Ohio-2833, ¶ 22 (Cook, J., dissenting).
 {¶ 24} However, the term "jurisdiction" also may be used when referring to a court's exercise of its jurisdiction over a particular case. Pratts, at ¶ 12; In re J.J., at ¶ 12. "`Jurisdiction over the particular case,' as the term implies, involves `"`the trial court's authority to determine a specific case within the class of cases that is within its subject matter jurisdiction.'"'" Id., quotingPratts, at ¶ 12, quoting State v. Swiger (1998), 125 Ohio App.3d 456,462, abrogated on other grounds by, State v. Hutton, 100 Ohio St.3d 176,2003-Ohio-5607.
 {¶ 25} "A judgment rendered by a court without subject matter jurisdiction is void ab initio." State v. Montgomery, Huron App. No. H-02-039, 2003-Ohio-4095, at ¶ 8, appeal not allowed,100 Ohio St.3d 1508, 2003-Ohio-6161, citing Patton, at paragraph one of the syllabus. Moreover, "[a] void judgment may be challenged at any time."Montgomery, at ¶ 8, citing State v. Wilson (1995), 73 Ohio St.3d 40,45-46; see, also, Pratts, at ¶ 11; State v. Simpkins,117 Ohio St.3d 420, 2008-Ohio-1197, at ¶ 12.
 {¶ 26} Comparatively, "[a] voidable judgment is one rendered by a court having jurisdiction and although seemingly valid, is irregular and erroneous." Montgomery, at ¶ 9, citing Black's Law Dictionary (7 Ed. 1999) 848. Additionally, "[a] voidable judgment is subject to direct appeal," Montgomery, at ¶ 9, citing R.C. 2505.03(A), Section 3(B)(2), Article IV, Ohio Constitution, as well as relief from judgment under Civ. R. 60(B). Montgomery, at ¶ 9. See, also, Simpkins, at ¶ 12. *Page 10 
 {¶ 27} "`The distinction between "void" and "voidable" is crucial. If a judgment is deemed void, it is considered a legal nullity which can be attacked collaterally. Conversely, if a judgment is deemed voidable, it will have the effect of a proper legal order unless its propriety is successfully challenged through a direct attack on the merits. * * *'"Montgomery, at ¶ 10, quoting Clark v. Wilson (July 28, 2000), Trumbull App. No. 2000-T-0063. See, also, Pratts, at ¶ 12.
 {¶ 28} Here, by granting summary judgment in favor of plaintiff following a sua sponte re-opening of the case to correct a substantive error, the trial court rendered a voidable judgment, which was irregular, error, and detrimental to Ms. Greene's legal rights and claims. We therefore sustain Ms. Greene's second and third assignments of error, although for different reasons than those asserted by her.
 {¶ 29} Moreover, finding that by entering summary judgment in favor of plaintiff after sua sponte re-opening the case to correct a substantive error resulted in a voidable judgment that is prejudicial to Ms. Greene, we do not need to render an opinion as to Ms. Greene's claims in her second and third assignments of error that the trial court prematurely entered summary judgment, or that a genuine issue of material fact exists that precludes an award of summary judgment in plaintiff's favor. See, e.g., Schaeffer v. Schaeffer, Hamilton App. No. C-020721, 2004-Ohio-2032, at ¶ 37 (stating that "[i]t is well settled * * * that appellate courts do not grant advisory opinions or prospective relief");Schwab v. Lattimore, 166 Ohio App.3d 12, 2006-Ohio-1372, at ¶ 10
(footnote omitted) (stating that "[t]he duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case"). *Page 11 
 {¶ 30} Accordingly, having dismissed Ms. Greene's first assignment of error, and having sustained Ms. Greene's second and third assignments of error, although for different reasons than those asserted by Ms. Greene, we reverse the judgment of the Franklin County Municipal Court. We also remand the matter to that court with instructions to vacate its judgment awarding summary judgment in favor of plaintiff.
Judgment reversed; cause remanded with instructions.
FRENCH and TYACK, JJ., concur.
[1] In its complaint, GMAC erroneously referred to the retail installment contract as a lease. See plaintiff's motion for summary judgment, filed February 20, 2008 (identifying this error and seeking to leave under Civ. R. 15 to amend the pleadings to conform to the evidence).
[2] Here, according to the return receipt, Mary Sutton received the certified mailing.
[3] Our review of the record finds no entry of the trial court wherein the trial court vacated the default judgment or ordered re-opening of the case.
[4] On March 11, 2008, after the trial court rendered summary judgment in favor of plaintiff, claiming that plaintiff failed to issue notice as required under R.C. 1317.12 and the trial court rendered a default judgment in error, Ms. Greene moved for summary judgment and filed a memorandum in opposition to plaintiff's motion for summary judgment. In a subsequent filing with the court, Ms. Greene appended a copy of a notice from the municipal court, which was dated February 26, 2008, that stated in part: "PLAINTIFF in the above-styled case has filed a MOTION FOR SUMMARY JUDGMENT. You have until 03/11/08, to file with the Clerk of Courts any memorandum in response to this motion and to serve it upon the opposing party[.]" (See Defendant's Reply to Plaintiff's Memo Contra Defendant's Motion to Vacate Summary Judgment Order, filed April 1, 2008). *Page 1